UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CIVICA SIMPSON,

        Petitioner,

v.                                        Case No.: 6:23-cv-1224-PGB-RMN

STATE OF FLORIDA DEPT. OF
CHILDREN AND FAMILIES,
CHILDRENS LEGAL SERVICES,
GAL, NATALIE SINGH and JAMES
E. TAYLOR,

        Respondents.
_____/

**ORDER**

THIS CAUSE comes before the Court on Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 1), filed under 28 U.S.C. § 2241, on behalf of her minor children, A.S. and E.S. (Doc. 1 at 2). For the following reasons, the Petition is dismissed.

Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[1]

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241.

"Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10 CV 03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

Here, Petitioner challenges the state court's determination to remove her two minor children, A.S. and E.S., from her custody. (Doc. 1 at 2–5). She seeks the return of her children and a "[p]ermanent restraining order from state intrusion [into] the rearing of her children." (Doc. 1 at 5).

However, the writ of habeas corpus is generally available "to challenges to state-court judgments in situations where — as a result of a state-court criminal conviction — a petitioner has suffered substantial restraints not shared by the public generally." *Lehman v. Lycoming Co. Children's Serv. Agency*, 458 U.S. 502, 510 (1982). The Supreme Court has explained that "federal habeas has never been available to challenge parental rights or child custody." *Id.* at 51. Children removed from the custody of their parents "are not prisoners. Nor do they suffer any restrictions imposed by a state criminal justice system." *Id.* at 510. As the Supreme Court noted, the "'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas." *Id.* at 511. Instead, Petitioner "simply seeks to relitigate, through federal

habeas, not any liberty interest of her [children], but the interest in her own parental rights," *id.*, which this Court may not review. Because the children are not "in custody" for federal habeas purposes, this Court lacks jurisdiction to consider the present Petition.

Accordingly, it is **ORDERED** and **ADJUDGED** that this case is **DISMISSED without prejudice** for lack of jurisdiction. The clerk must **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party